MORIATY (YOUNG v.). See Case No. 18.167.

MORIN (UNITED STATES v.). See Case No. 15,810.

━━━

## Case No. 9,814.

### In re MORITZ et al.

#### [5 Law Rep. 325.]

District Court, S. D. New York. Aug., 1842.

VOLUNTARY PETITION BY PARTNERS — CONSTRUCTION OF THE 14TH SECTION OF THE ACT OF 1841.

[In the matter of Moritz and Pinner, bankrupts.]

Various objections were interposed by creditors to a decree of bankruptcy being rendered, only two of which were particularly pressed in this stage of the case. The petitioners, many years since, were bankers and partners in Germany, where it is charged, they became insolvent fraudulently, and afterwards absconded to the United States. Their partnership was dissolved before they left Germany, and was never renewed in this country, nor have they contracted any joint debts here. All their partnership debts were contracted in Europe, to foreign creditors. The petition was joint and several, praying a decree of bankruptcy in their favor as copartners, and also in behalf of each partner, individually.

James F. Brady, for petitioners.

P. J. Joachemssen and Charles Edwards, for creditors.

OPINION OF THE COURT. The court did not discuss the point, whether foreign partners could become voluntarily bankrupt here in respect to debts, creditors, and estate, entirely foreign, but decided, that partners, as such, could not by voluntary petition be declared bankrupts, except under the 14th section; that, if the provisions of that section are applicable at all to the case of voluntary bankruptcy, they are so only in the case of those who, at the time the petition is presented, are partners; that no number less than the whole of a firm can petition for a decree of voluntary bankruptcy under the 1st section, and that it is at least doubtful whether the application of that section is not limited to cases of compulsory bankruptcy in respect to copartnerships; that in case of compulsory bankruptcy, the same reasons would not exist for restricting proceedings to cases of existing partnerships, and, accordingly, the decision in this case is not to be considered as prejudging that point. The court further decided that proceedings in bankruptcy as at law, and in equity, could not be conducted in the united

names of parties who have no common interest, and do not seek a common decree, that individuals cannot associate and make a joint and several petition, with a view to a separate decree, in favor of each applicant, and that accordingly the petition, in this case being disallowed as to the two petitioners conjointly, could not avail them individually; and it was dismissed with costs; with leave, however, to amend it, if that could be done without varying its essential structure and statements, so as to retain it as the sole petition of one of the parties, at their election, between themselves.